IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NATHANIEL T. BRENT**                                                                **PLAINTIFF**

**v.**                           **CIVIL ACTION NO. 5:20-cv-173-DCB-MTP**

**MTC, ET AL.**                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

On December 28, 2020, the Court directed the Clerk of Court to issue a *Notice of Lawsuit and Request to Waive Service of a Summons* for Defendants Management & Training Corporation ("MTC"), Matthew Schoettmer, and Craig Coil. *See* Order [13]. On January 12, 2021, two of the Defendants, MTC and Schoettmer, filed a *Waiver of the Service of Summons* [17].[1] However, MTC informed the Court that Coil is no longer employed by MTC and provided Coil's last known address. *See* Response [18].

Thus, the Court directed the Clerk of Court to issue summons to Coil at the address provided by MTC and directed the United States Marshals Service to serve Coil. *See* Order [19]. The Marshals Service unsuccessfully attempted to serve Coil at his last known address. *See* Return [26]. The Marshals Service informed the Court that Coil has moved from the area he once lived. *Id*.

Therefore, on March 11, 2021, the Court directed Plaintiff to file a response on or before April 12, 2021, providing more information on the identity and location of Coil or explaining why Plaintiff could not provide such information. *See* Order [27]. Plaintiff did not file a response as ordered. Thus, on May 5, 2021, the Court entered an Order [29] directing Plaintiff to show cause why Coil should not be dismissed for failure to obey the Court's prior order. On

---

[1] Defendants MTC and Schoettmer filed an Answer [21] on February 1, 2021.

1

May 19, 2021, Plaintiff filed a Response [30], in which he reasserted the allegations he had previously made against Coil. Plaintiff, however, failed to provide any additional information on the identity and location of Coil.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In addition, special rules govern the procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Pursuant to 28 U.S.C. § 1915, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . . The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). Thus, "[o]nce the *in forma pauperis* plaintiff has taken steps to identify the defendant(s), the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Lindsey*, 101 F.3d at 446. However, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. *Verrette v. Majors*, 2008 WL 4793197, at *2 (W.D. La. Oct. 31, 2008) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

In this case, the Court directed the Marshals Service to serve Coil at the address provided by MTC and directed Plaintiff to provide additional information on the identity and location of Coil. The 90-day deadline for service expired long ago ad this case has been pending for more

than a year, yet Coil has not been served with process. The Court warned Plaintiff that Coil could be dismissed from this action.

Moreover, on September 15, 2021, the Court conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), during which Plaintiff's claims and relief sought were clarified and amended by his sworn testimony.[2] During the *Spears* hearing, Plaintiff alleged wrongdoing by Defendants MTC and Schoettmer, but not Coil.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Craig Coil be DISMISSED from this action without prejudice and that the Court enter a final judgment for Coil pursuant to Fed. R. Civ. P. 58.[3]

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[3] Plaintiff's claims against Defendants MTC and Schoettmer should continue.

3

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SO ORDERED this the 16th day of September, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE