IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NATHANIEL T. BRENT**                                                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:20-cv-173-DCB-MTP**

**MTC and MATTHEW SCHOETTMER**                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [41]. Having considered the parties submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [41] be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

## BACKGROUND

On August 27, 2020, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose from events which allegedly occurred while he was incarcerated at the Wilkinson County Correctional Facility. According to Plaintiff, on June 16, 2020, he began arguing with another inmate, Demetrius Williams, who pulled out a makeshift knife, or "shank," and stabbed Plaintiff. Plaintiff claims that Defendants failed to protect him from this assault.

On February 1, 2022, Defendants filed a Motion for Summary Judgment [41], arguing that Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. Plaintiff did not file a response, and the time for doing so has long since expired.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

1

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

    The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to

any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[1] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support for their Motion for Summary Judgment [41], Defendants submitted an affidavit from Janice Williams, the ARP Coordinator at WCCF, along with Plaintiff's grievances concerning the assault and the official responses. The record demonstrates that on July 8, 2020, Plaintiff submitted a grievance complaining about the June 16, 2020, assault. *See* [41-1] at 5-8. As relief, Plaintiff requested $1 million and that criminal charges be filed against inmate Williams. *See* [41-1] at 7.

On July 28, 2020, MDOC's statewide ARP Director, Richard Pennington, sent Plaintiff a notice that his grievance had been rejected because the relief he requested was "BEYOND THE POWER OF ARP TO GRANT." *See* [41-1] at 4. Pursuant to MDOC policy, a grievance may be rejected if the relief sought is beyond the power of MDOC to grant. *See* [41-2] at 3. In her affidavit, Williams explains that the ARP cannot grant an inmate monetary compensation or pursue a criminal prosecution. *See* [41-1] at 2. Plaintiff received Pennington's notice on July 29,

---

[1] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited July 21, 2022).

4

2020. *See* [41-1] at 9. Pursuant to MDOC policy, Plaintiff had five days to submit a corrected grievance. *See* [41-2] at 4.

On or about August 4, 2020, Plaintiff submitted another grievance, but he again requested $1 million and that criminal charges be filed against inmate Williams. *See* [41-1] at 11-13. On August 5, 2020, Williams informed Plaintiff that his second grievance had been rejected because "this matter has already been rejected." *See* [41-1] at 10.[2] Plaintiff did not submit any other grievance concerning the June 16, 2020, assault. *See* [41-1] at 3.

An inmate may not simply initiate the grievance process, but must complete the process. *Wright*, 260 F.3d at 358. "[A] prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88. Additionally, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance or appeal. *Id*. at 83-84. "Exhaustion is no longer left to the discretion of the district court, but it is mandatory." *Id*. at 85.

The record demonstrates that Plaintiff failed to exhaust his available administrative remedies under the ARP established by MDOC. In 2021, the Fifth Circuit decided *Lewis v. Doe, I*, 840 Fed. Appx. 784 (5th Cir. 2021), an unpublished case addressing administrative exhaustion. The facts and legal issues presented in *Lewis* are similar to those presented in this case. In *Lewis*, an inmate submitted an administrative grievance requesting monetary damages and that criminal charges be filed against a prison official. *Lewis*, 840 Fed. Appx. at 785. The grievance was rejected on the grounds that the ARP did not have the authority to grant the requested relief. *Id*. When the inmate filed suit in federal court without completing the second step of the ARP

---

[2] In her affidavit, Williams explains that had Plaintiff "timely submitted a corrected grievance seeking relief capable of being addressed by the ARP, his grievance would have been accepted into the ARP process . . . ." *See* [41-1] at 3.

process, the district court dismissed his complaint for failure to exhaust administrative remedies. *Id.* The Fifth Circuit upheld the district court's dismissal, stating that even where an inmate seeks relief which is unavailable through the ARP, "the PLRA nonetheless requires the inmate to exhaust 'available remedies, whatever they may be'" *Id.* (quoting *Wright*, 260 F.3d at 358). The Fifth Circuit stated further that "Lewis's failure to exhaust is not excused by the fact that he chose to seek only relief that the ARP could not provide . . . ." *Id.*

The Fifth Circuit's reasoning in *Lewis* is persuasive and supported by other binding authority. *See Ramsey v. MTC*, 2021 WL 5741486, at *2 (S.D. Miss. Nov. 8, 2021) (finding "the Fifth Circuit's reasoning in *Lewis* persuasive"); *Avelar-Oliva v. Barr*, 954 F.3d 757, 765 n.2 (5th Cir. 2020) ("Although unpublished decisions are not precedent, these decisions may be considered persuasive authority."); *Woodford*, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process). Because Plaintiff failed to exhaust his administrative remedies prior to filing this action, he may not proceed with this action.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [41] be GRANTED;

2. This action be dismissed without prejudice; and

3. A final judgment be entered as the adoption of this Report and Recommendation will dispose of all the claims against the remaining Defendants.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 21st day of July, 2022.

                                              s/ Michael T. Parker  
                                              United States Magistrate Judge