```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

NATHANIEL T. BRENT                                          PLAINTIFF

v.                              CIVIL ACTION NO. 5:20-cv-173-DCB-MTP

MTC and MATTHEW SCHOETTMER                                 DEFENDANTS

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 46], which concludes that Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 41] should be granted and that this case should be dismissed without prejudice.  [ECF No. 46] at 6.  Nathaniel T. Brent ("Plaintiff") did not respond to the Motion for Summary Judgment, and he has filed no objections to the Report and Recommendation.  The respective deadlines for filing a response to the Motion for Summary Judgment and objections to the Report and Recommendation have passed.[1]  Having reviewed the Report and

---

[1] The Report and Recommendation provided the parties with a "Notice of Right to Object" and the time deadlines for doing so. It also warned the parties of the consequences that result from a failure to object.  [ECF No. 46] at 6-7; <u>see</u> <u>Douglass v.</u>

1

Recommendation, the submissions of the parties, and applicable statutory and case law, the Court finds the Report and Recommendation to be well-taken.

Magistrate Judge Parker recommends that Plaintiff's complaint, which Plaintiff filed pursuant to 42 U.S.C. § 1983, be dismissed for the failure to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). [ECF No. 46] at 5-6.  Before filing suit in this Court, Plaintiff submitted two substantively identical grievances through the inmate grievance system known as the Administrative Remedy Program ("ARP").  Aff. of Janice Williams (ARP Coordinator) [ECF No. 41-1] ¶¶ 7-8; id. at 5-8, 11-13.  In both grievances, Plaintiff described an alleged assault on him by another inmate and asked for monetary relief in the amount of $1 million.  He also asked that assault charges be filed against his attacker.  Id. at 5-8, 11-13.  Plaintiff's initial request was rejected because it asked for relief (i.e., monetary damages and a criminal prosecution) "BEYOND THE POWER OF ARP TO GRANT."  Id. at 4.  His second request was returned without processing because it repeated the same issue set forth in his first

---

United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

2

request and continued to request relief that the ARP could not grant.  Id. ¶¶ 8-9, p. 10.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to complete the two-step ARP grievance process and therefore did not exhaust his administrative remedies as required under the PLRA.  See, e.g., Booth v. Churner, 532 U.S. 731, 734 (2001)(a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process); Lewis v. Doe, I, 840 Fed. Appx. 784, 785 (5th Cir. 2021) (" … failure to exhaust is not excused by the fact that [the inmate] chose to seek only relief that the ARP could not provide … ."); De LaCruz v. Rankin Cty., No. 3:20-CV-00320-KHJ-LGI, 2021 WL 3912541, at *2 (S.D. Miss. Aug. 13, 2021), report and recommendation adopted, No. 3:20-CV-320-KHJ-LGI, 2021 WL 3891082 (S.D. Miss. Aug. 31, 2021) ("Pursuant to Miss. Code Ann. § 47-5-801, the Mississippi Department of Corrections ('MDOC') has established a two-step Administrative Remedy Program ('ARP') that prisoners must exhaust prior to filing suit under the [Prison Litigation Reform Act].").

The Court is unable to find any error with the Magistrate Judge's findings and conclusions.  The Court is satisfied that the Magistrate Judge has undertaken a thorough examination of the issues presented and has issued a well-reasoned opinion.

3

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 46] is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 41] is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's Complaint under 28 U.S.C. § 1983 [ECF No. 1] is DISMISSED without prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 23rd day of August 2022.

                                                   /s/   David Bramlette
                                        UNITED STATES DISTRICT JUDGE